# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON TAYLOR, #B-39014, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-1456-NJR |
| WARDEN DENNISON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brandon Taylor, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed a Motion for a Temporary Restraining Order ("TRO") and/or for Preliminary Injunction ("Motion") that is now before the Court for consideration. Plaintiff seeks an order requiring Warden Dennison to comply with the settlement agreement that was adopted in *Rasho v. Walker,* Case No. 07-cv-1298-MMM (C.D. Ill) (pertaining to mental health treatment for inmates in IDOC custody who are "seriously mentally ill"). The Motion also suggests that officials at Shawnee are exhibiting deliberate indifference to Plaintiff's mental health needs and that his conditions of confinement may violate the Eighth Amendment.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id*., Advisory Committee Notes, 1937 Adoption. The Court cannot ascertain the basis for jurisdiction without it. *Bell v. Hood*, 327 US. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). The

Court also cannot determine what causes of action Plaintiff intends to assert against the defendants.

Further, the Court cannot consider an application for a temporary restraining order and/or preliminary injunction without an affidavit or verified complaint. *See* FED. R. CIV. P. 65(b)(1)(A). Although *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Finally, the Court notes that Plaintiff may be a member of the class defined in *Rasho*. On August 14, 2015, the court certified the litigation class in *Rasho* as follows:

> Persons now or in the future in the custody of the Illinois Department of Corrections ("IDOC") [who] are identified or should have been identified by the IDOC's mental health professionals as in need of mental health treatment as defined in the current edition of the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association. A diagnosis of alcoholism or drug addiction, developmental disorders, or any form of sexual disorder shall not, by itself, render an individual mentally ill for the purposes of this class definition.

(Doc. 252, p. 7, in *Rasho*).

On May 23, 2016, the *Rasho* court adopted a settlement agreement (Docs. 696, 710 in *Rasho*), which contains provisions to ensure that seriously mentally ill prisoners receive mental health treatment while confined in segregation and that mental health staff evaluate such prisoners and may make recommendations that their segregation terms be shortened. The *Rasho* case addresses injunctive relief only, in order to remedy the alleged problems of inadequate access to mental health treatment within Illinois prisons. The court in *Rasho* has noted that an inmate who wishes to seek damages arising from deliberate indifference to a mental health condition must do so in an individual action, as Plaintiff may be attempting to do here. Without a complaint, however, the Court cannot properly assess *Rasho* as it relates to Plaintiff's claims and

requested relief.

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **DENIED without prejudice** to refiling. If Plaintiff still seeks a temporary restraining order and/or preliminary injunction, he must file a new motion. And the Court cannot consider another motion for injunctive relief until it receives a Complaint. The Clerk of Court is **DIRECTED** to send a blank civil rights complaint form to Plaintiff to assist him in filing a complaint.

Plaintiff also must prepay his full $400.00 filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion"), along with a certified copy of his Trust Fund Statement for the 6-month period immediately preceding the filing of this action. He is required to do so on or before **August 29, 2018**. (Doc. 2). Plaintiff's Complaint should likewise be filed on or before **August 29, 2018**. Failure to comply with this Order shall **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 31, 2018**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**