IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON TAYLOR,
#B-39014,

      Plaintiff,

  vs.                                      Case No. 18-CV-1456-NJR

WARDEN DENNISON,

      Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. This action was opened on July 30, 2018, in response to Plaintiff's Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction. (Doc. 1). Plaintiff sought an order requiring Warden Dennison to comply with the settlement agreement that was adopted in *Rasho v. Walker*, Case No. 07-cv-1298-MMM (C.D. Ill) (pertaining to mental health treatment for inmates in IDOC custody who are "seriously mentally ill"). The Motion also suggested that officials at Shawnee were exhibiting deliberate indifference to Plaintiff's mental health needs and that his conditions of confinement may violate the Eighth Amendment.

On July 31, 2018, this Court entered an order denying the TRO and/or Preliminary Injunction. The Court explained that it could not consider Plaintiff's requests without a complaint. Plaintiff was given until August 29, 2018 to file a complaint, and the Clerk of the Court mailed him a blank complaint form. The Court also directed Plaintiff to prepay his full $400.00 filing fee or file a Motion for Leave to Proceed *In Forma Pauperis* on or before August 29, 2018. Plaintiff was warned that if he failed to comply with these directives, the case would be

dismissed.

Plaintiff's deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-

eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: September 13, 2018**

s/ Nancy J. Rosenstengel
United States District Judge